**JR**

**07 CV   3888**

**JUDGE PRESKA**

STROOCK & STROOCK & LAVAN LLP
Steven B. Pokotilow (SP-2215)
Laura Goldbard George (LG-1494)
180 Maiden Lane
New York, NY 10038-4982
212-806-5400
*Attorneys For Plaintiff*
    *Charles Revson Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

MAY 17 2007

- - - - - - - - - - - - - - - - - - - - - - - - - X

CHARLES REVSON INC.                     :       ECF Case
                                        :
                 Plaintiff,             :       Civil Action No.
                                        :
      vs.                               :
                                        :
ELEMIS LIMITED                          :
                                        :
                 Defendant.             :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - X

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.     Plaintiff, Charles Revson, Inc. (referred to herein as "Revson" or "Plaintiff"), for

their Complaint against Defendant Elemis Limited (referred to herein as "Elemis" or

"Defendant"), state as follows:

2.     Revson is a corporation duly organized and existing under the laws of the State of

New York, located and doing business at 237 Park Avenue, New York, New York 10017.

3.     Upon information and belief, Elemis is a corporation organized and existing under

the laws of the United Kingdom, having an office and principal place of business located at The

Lodge, 92 Uxbridge Road, Harrow Weald, Middlesex HA3 6DQ, United Kingdom.

4.     Upon information and belief, Elemis also owns and operates a web site located at

the url:http://www.elemis.com, which is accessible in the State of New York and through which

New York State residents can purchase products sold by Elemis. Elemis' products are also sold at Bergdorf Goodman in New York City and Nordstrom in White Plains, New York, as well as other department stores. In addition, Elemis' spas are operated in Coral Cables, Florida; Miami Beach, Florida; Uncasville, Connecticut; and Las Vegas, Nevada.

5.    Upon information and belief and as alleged above, Elemis has personally committed, the intentional tortious acts of trademark infringement, unfair competition and dilution complained of in this Complaint.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to Section 39 of the Lanham Trademark Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338.

7.    Personal jurisdiction over Elemis is based on Elemis's (i) operating, conducting, engaging in and carrying on business within the State of New York; and (ii) commission of tortious acts within the State of New York.

8.    Venue is proper in the Southern District of New York under 28 U.S.C. §§ 1391(a), (b) and (c) and 28 U.S.C. § 112(b).

## REVSON REGISTERED MARKS

9.    Revson is the owner of U.S. Trademark Registration No. 2,128,930 duly issued by the United States Patent and Trademark Office on January 13, 1998, for the trademark PROCOLLAGEN for make-up and skin care products, namely moisturizers in the form of lotions and creams ("PROCOLLAGEN" or "Trademark"). The registration is valid, presently subsisting, incontestible and in full force and effect. A copy of Registration No. 2,128,930 is annexed hereto as Exhibit 1 and made a part hereof.

10.   Revson has used and has been associated with the mark PROCOLLAGEN continuously since 1984 throughout the United States. PROCOLLAGEN has been used to

identify Revson and its makeup and skin care products in advertisements, in websites and in promotional material therefor.

11.  The products sold under the PROCOLLAGEN trademark are sold throughout the United States.  For the period from 1999 through 2006, the sales of PROCOLLAGEN products were almost $4,000,000.

12.  The PROCOLLAGEN mark is a valuable trademark.  The products bearing the mark PROCOLLAGEN have been advertised and promoted both by Revson as well as through cooperative advertising throughout the United States.

13.  Based on the foregoing, Revson's PROCOLLAGEN mark is associated and recognized with Revson and its products.

### DEFENDANTS' CONDUCT

14.  In order to protect its trademarks, Revson has an enforcement program by which it notifies potential diluters or infringers of its marks including PROCOLLAGEN.  As part of its enforcement program, on or about early October, 2006, Revson became aware that Defendant was using the mark Pro-Collagen in connection with anti-aging creams for the face, eyes, neck and bust sold on its website at www.elemis.com, through www.timetospa.com and on information and belief, at its spas.  More specifically, someone in the Marketing Group of Revson became aware of Elemis' use while reading a catalog and brought it to the attention of in-house counsel.

15.  Elemis' use of the designation "Pro-Collagen" is a wrongful appropriation of Revson's entire mark PROCOLLAGEN but placing a dash between "PRO" and "COLLAGEN." Such use by Elemis gives an appearance that imitates Revson's registered trademark PROCOLLAGEN.  In using the mark Pro-Collagen, Elemis has appropriated the entirety of Revson's mark PROCOLLAGEN.  Thus, such use by Elemis is not inadvertent, but rather an

intentional, purposeful and willful act to take advantage of the goodwill and value of Revson's PROCOLLAGEN trademark.

16. On October 6, 2006, in-house counsel for Revlon Consumer Products Corporation, whose wholly owned subsidiary is Charles Revson Inc., sent a cease and desist letter to Defendant Elemis, setting forth Revson's position regarding its trademark rights in PROCOLLAGEN and requesting that Defendant Elemis contact Revson no later than October 20, 2006 regarding Elemis' use of the designation "Pro-Collagen." A copy of this letter is annexed hereto as Exhibit 2.

17. A letter dated November 12, 2006 was received from the New York firm of Abelman, Frayne & Schwab stating that they have been asked to respond to the October 6, 2006, letter pending an investigation. A copy of the November 12, 2006 letter is attached as Exhibit 3.

18. After receiving no response to the October 6, 2006 letter, counsel for Revson sent a second notice to Elemis' counsel on December 13, 2006. The December 13th letter requested Defendant to provide the status of the investigation. A copy of the December 13, 2006 letter is attached as Exhibit 4.

19. No response was received from Elemis. The matter was turned over to outside counsel and a third letter dated March 5, 2007 was sent by Revson's counsel to Elemis' New York counsel requesting confirmation that Elemis cease and desist all further use of the designation Pro-Collagen. A copy of the March 5, 2007 letter is annexed hereto as Exhibit 5.

20. A letter dated March 13, 2007 was received from Elemis' New York counsel advising that they were waiting for instructions. A copy of the March 13, 2007 letter is annexed hereto as Exhibit 6. No further word has been received from Elemis or its counsel.

21.  Based upon the foregoing, it is clear that Defendant has no intention to cease infringing Revson's trademark.

22.  Defendant's infringement of the Trademark has been made in willful disregard of Revson's prior rights in the PROCOLLAGEN Trademark.

23.  Given that Defendant is using a colorable imitation of Revson's Trademark in connection with skincare products, there is a likelihood that Defendant's goods will be associated or affiliated with Revson, its Trademark and/or goods.

24.  Such false suggestion and association is causing and will cause irreparable harm to Revson's reputation.

25.  Further, Defendant's infringement of Revson's Trademark in this manner will dilute by blurring the distinctiveness of Revson's Trademark and the reputation of Revson as Revson's Trademark will be impaired and suffer negative associations through Defendant's use of the mark in the manner set forth above.

26.  Revson has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.  Revson has no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

27.  Count I is a claim for trademark infringement under the trademark laws of the United States (Lanham Act), 15 U.S.C. §1114.  Subject matter jurisdiction over this Count is based upon 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a).

28.  Revson repeats and realleges the allegations in paragraphs 1 through 26 above as if fully set forth herein.

29. Defendant's infringement of Revson's Trademark in the manner set forth above is trading on Revson's Trademark and the goodwill of Revson, and is likely to confuse and deceive the consuming public into believing that Defendant is associated with Revson.

30. The actions of Defendant complained of herein are likely to cause confusion, to cause mistake or to deceive others into erroneously believing that Defendant, and its products are authorized by, licensed by, sponsored by, endorsed by or otherwise associated with Revson.

31. Upon information and belief, the acts and conduct of Defendant complained of herein constitute willful and deliberate infringements of Revson's Trademark.

32. The foregoing acts of Defendant constitute infringement of Revson's federally registered Trademark PROCOLLAGEN in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

33. By reason of all the foregoing, Revson is being damaged by Defendant's willful use of the Trademark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the marks.

34. Revson will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined. Revson has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION

35. Count II is an action for false designation of origin and false or misleading descriptions and representations, arising under §43(a) of the Lanham Act, 15 U.S.C. §1125(a). Subject matter jurisdiction over this Count is based on 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(b).

36. Revson repeats and realleges the allegations in paragraphs 1 through 26 and 29 through 34 above as if fully set forth herein.

37.   The actions complained of herein constitute false designations of origin and false descriptions and in that the designation "Pro-Collagen" by Defendant is likely to cause confusion or to deceive as to the affiliation, connection or association of Revson Trademark with Defendant, as to the origin, sponsorship or approval of Defendant, its website, and products.

38.   Revson has placed Defendant on written notice of its infringement, but Defendant has failed to terminate its wrongful conduct.

39.   The foregoing acts of Defendant constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

40.   By reason of all the foregoing, Revson is being damaged by Defendant's willful use of the Trademark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the mark.

41.   Revson will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.  Revson has no adequate remedy at law.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

42.   Count III is an action for trademark infringement under the common law of the State of New York.   Subject matter jurisdiction over this Count is founded upon supplemental jurisdiction under 28 U.S.C. §1367.

43.   Revson repeats and realleges each and every allegation contained in paragraphs 1 through 26, 29 through 34, and 37 through 41 above, as if fully set forth herein.

44.   By reason of all of the foregoing, Revson has acquired common law trademark rights in the Revson Trademark.

45.   The actions of Defendant herein complained of are likely to create confusion, mistake and deception of consumers into believing that Defendant is authorized by, licensed by,

sponsored by or otherwise associated with the common law trademark rights in the Revson Trademark.

46.   Upon information and belief, the acts and conduct of Defendant complained of constitute willful and deliberate infringement of Revson's common law rights in the Revson Trademark and will continue in willful and wanton disregard of Revson's valuable trademark rights.

47.   The foregoing acts of Defendant constitute infringement of the Revson Trademark in violation of the common law of the State of New York.

48.   By reason of all the foregoing, Revson is being damaged by Defendant's willful use of the Revson Trademark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the mark.

49.   Revson will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.  Revson has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

50.   Count IV is an action for unfair competition under the common law of the State of New York.  Subject matter jurisdiction over this Count is founded upon 28 U.S.C. §§1332 and 1338(b) and supplemental jurisdiction under 28 U.S.C. §1367.

51.   Revson repeats and realleges each and every allegation contained in paragraphs 1 through 26, 29 through 34, 37 through 41, and 44 through 49 above, as if fully set forth herein.

52.   The actions of Defendant complained of herein constitute a misappropriation of the Revson Trademark and the goodwill associated therewith, an act of passing off, Revson Trademark, which constitutes unfair competition under the common law of the State of New York.

53. Upon information and belief, the acts and conduct of Defendant complained of constitute willful and deliberate unfair competition and will continue in willful and wanton disregard of Revson's valuable trademark rights.

54. The foregoing acts of Defendant constitute unfair competition under the common law of the State of New York.

55. By reason of all the foregoing, Revson is being damaged by Defendant's willful use of the Revson Trademark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the mark.

56. Revson will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined. Revson has no adequate remedy at law.

### COUNT V
### VIOLATION OF NEW YORK ANTI-DILUTION STATUTE

57. Count V is an action for dilution under §360-l of the New York General Business Law. Subject matter jurisdiction over this Count is founded upon 28 U.S.C. §1332 and supplemental jurisdiction under 28 U.S.C. §1367.

58. Revson repeats and realleges each and every allegation contained in paragraphs 1 through 26, 29 through 34, 37 through 41, 44 through 49, and 52 through 56 above, as if fully set forth herein.

59. The Revson Trademark is a distinctive mark in the State of New York by virtue of their substantial inherent and acquired distinctiveness, its extensive use in the State of New York, and the extensive advertising and publicity of the mark in New York which has developed strong, widespread recognition of the mark.

60. The actions of Defendant complained of herein are likely to injure the business reputation and dilute the distinctive quality of Revson's well-known Trademark.

61. The actions of Defendant complained of herein are likely to blur the distinctiveness of the Revson Trademark and the reputation of Revson, as the distinctiveness of the Trademark will be impaired through Defendant's use of the mark in the manner set forth above.

62. The foregoing acts of Defendant constitute dilution and injury to business reputation in violation of New York General Business Law §360-l.

63. By reason of all the foregoing, Revson is being damaged by Defendant's use of the Trademark in the manner set forth above and will continue to be damaged unless Defendant is enjoined from using the marks.

64. Revson will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined. Revson has no adequate remedy at law.

WHEREFORE, Revson prays for the following relief:

A. That Defendant and its parents, subsidiaries and affiliated companies, its respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from using the Trademark, and from using, affixing, offering for sale, selling, advertising, promoting or selling goods with the Trademark "Pro-Collagen" or any other trade name or trademark confusingly similar to the Trademark.

B. That Defendant and its parents, subsidiaries and affiliated companies, its respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminarily and permanently restrained and enjoined from use of any false descriptions or representations or any false designations of origin or from otherwise committing

any acts of unfair competition with respect to Revson and its Trademark by using the Trademark or any trade name or trademark confusingly similar to the Trademark.

C.    That Defendant and its parents, subsidiaries and affiliated companies, its respective officers, agents, servants, employees and attorneys, and those persons in act of concert or participation with them who receive actual notice of the injunction by personal service or otherwise, be preliminary and permanently enjoined from diluting by blurring the distinctiveness and goodwill established by Revson in its Trademark, by using the Trademark or any trade name or trademark diluting by blurring the Trademark.

D.    That Defendant be ordered that all catalogs, signs, displays, labels, brochures, advertising and promotional material bearing the Trademark in Defendant's possession or subject to Defendant's control or direction shall be delivered to the Clerk of the Court for maintenance during the pendency of this action and for destruction upon entry of a Final Judgment.

E.    That Defendant be ordered to alter all web pages to promptly remove the Trademark from the Elemis web site.

F.    That Defendant be ordered to report to the Court in writing under oath with a copy to Revson's attorneys within 30 days of service of notice of any Orders setting forth in detail the manner and form in which Defendant has complied with any order issued hereunder.

G.    That the Court award an accounting to Revson for the profits of Defendant and for the damages sustained by Revson as a result of the willful, intentional and wrongful conduct of Defendant.

H.    That because of the willful nature of Defendant's acts, the Court enter a judgment for treble the amount of the aforesaid damages.

I.   That because of the willful intentional and wrongful nature of Defendant's acts, the Court award to Revson punitive damages of $5 million.

J.   That Defendant be required to pay Revson its costs in this action including reasonable attorneys' fees.

K.   That Revson be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed.R.Civ.P., Revson hereby demands trial by jury as to all claims in this litigation.

Respectfully submitted,

Stroock & Stroock & Lavan LLP
*Attorneys for Plaintiff*
*Charles Revson Inc.*
180 Maiden Lane
New York, New York
(212) 806-5400

BY: _____
       Steven B. Pokotilow
       Laura Goldbard George

Dated: New York, New York
       May 17, 2007

# Exhibit 1

Int. Cl.: 3

Prior U.S. Cls.: 1, 4, 6, 50, 51 and 52

## United States Patent and Trademark Office

Reg. No. 2,128,930

Registered Jan. 13, 1998

## TRADEMARK
### PRINCIPAL REGISTER

## PROCOLLAGEN

CHARLES REVSON INC. (NEW YORK CORPO-
RATION)
625 MADISON AVENUE
NEW YORK, NY 10022

FOR: MAKE-UP AND SKIN CARE PROD-
UCTS, NAMELY, MOISTURIZERS IN THE
FORM OF LOTIONS AND CREAMS, IN CLASS
3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 12–15–1984; IN COMMERCE
12–15–1984.

SER. NO. 75–227,331, FILED 1–17–1997.

JEFFERY COWARD, EXAMINING ATTORNEY

# Exhibit 2

# REVLON

John N. O'Shea

Vice President — Trademarks

Phone:   (212) 527-5655
Fax:      (212) 527-5667
E-mail:   john.o'shea@revlon.com

October 6, 2006

**VIA UPS**

Elemis Ltd.
The Lodge
92 Uxbridge Road
Harrow Weald
Middlesex HA3 6DQ
United Kingdom



Re:    United States of America: Revlon Consumer Products Corporation
       Infringement of Trademark **PROCOLLAGEN**
       Our File: REVS-35031-USA-20827-PR

Dear Sir or Madam:

I am trademark counsel to Revlon Consumer Products Corporation ("Revlon"), whose wholly-owned subsidiary, Charles Revson Inc., is the owner of the **PROCOLLAGEN** trademark, which is the subject of United States Patent and Trademark Office Registration No. 2128930 in Class 3 for "makeup and skin care products, namely, moisturizers in the form of lotions and creams." Since 1984, Revlon has sold a variety of skin creams under the **PROCOLLAGEN** trademark and is currently marketing **PROCOLLAGEN** face and throat cream and **PROCOLLAGEN** eye cream.

It has come to my attention that your company is using "PRO-COLLAGEN" on an anti-aging skin cream, which is being offered for sale and being sold in the United States.

Your use of "PRO-COLLAGEN" without the authorization or consent of Revlon constitutes trademark infringement under Section 32(a) of the Lanham Act and unfair competition under Section 43(a) of the Lanham Act, as well as under relevant state statutes. Consequently, Revlon demands that you immediately cease and desist from selling, offering to sell, distributing,

October 6, 2006

237 Park Avenue
New York NY 10017
tel 212.527.4000
www.revlon.com

# REVLON

October 6, 2006
Page No. 2

advertising, promoting or publicizing your "PRO-COLLAGEN" eye shadow primer in the United States or in any other manner imitating our **PROCOLLAGEN** trademark.

We request that you respond to our demand by the end of business on **October 20, 2006**. Please be assured that Revlon will take all steps necessary to protect its valuable intellectual property rights.

The demand made here shall not waive or prejudice any rights or remedies which Revlon may have with respect to the subject matter of this letter, all of which rights and remedies are expressly reserved.

Very truly yours,

John N. O'Shea

JNOS:mj

cc:  D. Scala
     G. Vendittelli

237 Park Avenue
New York NY 10017
tel 212.527.4000
www.revlon.com

# Exhibit 3

**ABELMAN, FRAYNE & SCHWAB**
Attorneys at Law
666 Third Avenue
New York, New York 10017-5621

Telephone: (212) 949-9022
Facsimile: (212) 949-9190
e-mail@lawabel.com

**F/U**

November 12, 2006

12/13

Mr. John N. O'Shea
**REVLON**
237 Park Avenue
New York, New York 10017

**RECEIVED**
NOV 1 3 2006
JOHN O'SHEA

Re:    Elemis Limited
Trademark **PRO-COLLAGEN**
In the United States and
Opposition v. **PROCOLLAGEN**
In the name of
Revlon Consumer Products Corporation
(Our Ref: 216589;
Your Ref.: REVS-35031-USA-20827-PR)

Dear Mr. O'Shea:

   We have been asked by Elemis Ltd. to respond to your letter of October 6, 2006. This is an interim acknowledgement pending investigation of the issues.

   You will be hearing from us in the near future

                              Sincerely,

                              LAWRENCE E. ABELMAN

LEA:lg

# Exhibit  4

# REVLON

John N. O'Shea

Vice President – Trademarks

Phone:   (212) 527-5655
Fax:   (212) 527-5667
E-mail:   john.o'shea@revlon.com

**CONFIRMATION**

December 13, 2006

**VIA FAX & UPS**

Mr. Lawrence E. Abelman
Abelman, Frayne & Schwab
666 Third Avenue
New York, New York 10017

> Re:   United States: Charles Revson Inc.
> Trademark: **PROCOLLAGEN**, Opposition to
> **PRO-COLLAGEN** in the Name of Elemis Limited
> Your Reference: 216589
> Our Reference: REVS-35031-USA-20827-PR

Dear Mr. Abelman:

Please update me on the status of the investigation referenced in your letter of November 12, 2006.

Thank you.

Very truly yours,

John N. O'Shea

JNOS:mj

237 Park Avenue
New York NY 10017
tel 212.527.4000
www.revlon.com

# Exhibit 5

# STROOCK

March 5, 2007

Steven B. Pokotilow
Direct Dial  212-806-6663
Direct Fax  212-806-7663
SPokotilow@stroock.com

Lawrence E. Abelman, Esq.
Abelman, Frayne & Schwab
666 Third Avenue
New York, NY  10017-5621

Re:    Trademark Infringement by Elemis Limited
       of the mark **PROCOLLAGEN** owned by
       Revlon Consumer Products Corporation
       Your Ref.: 216589
       Our Client/Matter No.:  492254.0052

Dear Larry:

As you will recall, John O'Shea, Vice President of Trademarks of Revlon Consumer Products Corporation ("Revlon"), wrote a letter to your client, Elemis Limited ("Elemis"), on October 6, 2006 regarding Elemis' use of PRO-COLLAGEN.  You acknowledged this letter by letter dated November 12, 2006 stating that "You will be hearing from us in the near future."  Mr. O'Shea wrote to you again on December 13, 2006.  No substantive response to Mr. O'Shea's letters has been received to date.  As a consequence of your failure to respond to Revlon's demand letter, Revlon has turned over the file to our firm for further action.

Your lack of response is surprising in view of your client's infringement of Revlon's PROCOLLAGEN mark, and its Registration No. 2,128,930 therefor, by the use of PRO-COLLAGEN for essentially the same goods or, at least, related goods. Accordingly, we must receive your confirmation that Elemis Limited has agreed to stop selling, offering for sale distributing, advertising, promoting or publicizing any make-up and skin care products incorporating PRO-COLLAGEN or any term confusingly similar to PROCOLLAGEN.  In the event that Revlon is forced to conclude that a lawsuit is to be commenced, then kindly advise whether you are willing to accept service of a Complaint.

SSL-DOCS1 1774018v1

Lawrence E. Abelman, Esq.
March 5, 2007
Page 2

We will guide our future actions based upon your response.

Very truly yours,

Steven B. Pokotilow

SBP:LGG:lgs

cc:    John N. O'Shea, Esq.

SSL-DOCS1 1774018v1

STROOCK & STROOCK & LAVAN LLP · NEW YORK · LOS ANGELES · MIAMI
180 MAIDEN LANE, NEW YORK, NY 10038-4982 TEL 212 806 5400 FAX 212 806.6006 WWW.STROOCK.COM

# Exhibit 6

# ABELMAN, FRAYNE & SCHWAB

Attorneys at Law
666 Third Avenue
New York, New York 10017-5621

Telephone: (212) 949-9022
Facsimile: (212) 949-9190
e-mail@lawabel.com

Lawrence E. Abelman
Jeffrey A. Schwab
Victor M. Tannenbaum
Peter J. Lynfield
Alan J. Hartnick
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Jonathan W. Gumpert
Julie B. Seyler
Marie Anne Mastrovito
Joseph J. Catanzaro
Anthony A. Coppola
Richard L. Crisona
Ned W. Branthover
Anthony J. DiFilippi

Of Counsel:
Norman S. Beier
Alan D. Gilliland
Thomas E. Spath
Melvin I. Ortner
Constance Golden
J. David Dainow
David Toren

Jay S. Cinamon
Wayne J. Gu
Michael J. Schwab
Jennifer R. Waxman
Natasha J. Burns
Frank Terranella
Anthony J. Natoli
Steven M. Hertzberg
John H. Choi

*Alexander Zinchuk
*(Registered Patent Agent)

March 13, 2007

*VIA FACSIMILE*
*1-212-806-7663*

Steven B. Pokotilow, Esq.
***Stroock & Stroock & Lavan LLP***
180 Maiden Lane
New York, New York 10038-4982

> Re:     Elemis Limited
>         Trademark **PRO-COLLAGEN**
>         (Your Ref..: 492254. 0052;
>         Our Ref.: 216589)

Dear Mr. Pokotilow:

We have your letter of March 5 and are awaiting instruction from our clients in the United Kingdom.

At this time we are not willing to accept a Complaint.

Sincerely,

LAWRENCE E. ABELMAN

LEA:lg