STROOCK & STROOCK & LAVAN LLP
Steven B. Pokotilow (SP-2215)
Laura Goldbard George (LG-1494)
180 Maiden Lane
New York, NY 10038-4982
212-806-5400
*Attorneys For Plaintiff*
   *Charles Revson Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------X

| | |
|---|---|
| CHARLES REVSON INC. | : ECF Case |
| Plaintiff, | : Civil Action No. 07 CV 3888 (LAP) |
| vs. | : |
| ELEMIS LIMITED | : **WAIVER OF SERVICE OF SUMMONS** |
| Defendant. | : |

------------------------------------X

TO:   **STEVEN B. POKOTILOW AND LAURA GOLDBARD GEORGE**
      **ATTORNEYS FOR PLAINTIFF**

   I acknowledge receipt of your request that I waive service of a summons in the action of CHARLES REVSON INC. v. ELEMIS LIMITED, which is case number Civil Action No. 07 CV 3888 (LAP) in the United States District Court for the Southern District of New York. I have also received a copy of the Complaint in the action, two copies of this instrument and a means by which I can return the signed Waiver to you without cost to me.

   I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that Elemis Limited ("Elemis"), on whose behalf I am acting, be served with judicial process in the manner provided by Rule 4.

SSL-DOCS1 1823471v1

Defendant, on whose behalf I am acting, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the Summons or in the service of the Summons.

I understand that a judgment may be entered against Elemis, on whose behalf I am acting, if an answer or motion under Rule 12 is not served upon you by July 27, 2007.

July 13, 2007
Date

Signature

Printed/typed name:  Ned W. Branthover
Abelman, Frayne & Schwab
666 Third Avenue
New York, New York  10017

Counsel for Defendant Elemis Limited

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

J:/5399/-16/PLEADINGS/Waiver of Service – Summons 2.doc