David Donahue (DD 5808)
Betsy C. Judelson (BJ 1107)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Defendant/Counterclaim-Plaintiff Elemis Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES REVSON, INC., <br><br> Plaintiff, <br><br> v. <br><br> ELEMIS LIMITED, <br><br> Defendant. | Civil Action No. 07-CV-3888 (LAP) <br><br> **ANSWER AND COUNTERCLAIM** |
| ELEMIS LIMITED, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> CHARLES REVSON, INC., <br><br> Counterclaim-Defendant. | |

  Defendant/Counterclaim-Plaintiff Elemis Limited ("Defendant" or "Elemis"), by its attorneys Fross Zelnick Lehrman & Zissu, P.C., for its Answer to the Complaint herein, alleges as follows:

  1. Admits that Charles Revson, Inc. ("Plaintiff or "Revson") filed a complaint against Defendant.

{F0097333.6 }

2. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Admits the allegations of Paragraph 3 of the Complaint.

4. Admits that Elemis operates a website at www.elemis.com, which is accessible in the State of New York and contains a link to a website through which New York consumers can purchase ELEMIS products. Admits that ELEMIS products are sold at Bergdorf Goodman in New York City, Nordstrom in White Plains, as well as other Nordstrom department stores. Admits that ELEMIS spas are located in Miami Beach, Florida, Coral Gables, Florida, and Uncasville, Connecticut. Denies the remaining allegations of Paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint.

6. Admits the allegations in paragraph 6 of the Complaint.

7. Admits that the Court has personal jurisdiction over Elemis for purposes of this action and otherwise denies the allegations of Paragraph 7 of the Complaint.

8. Admits the allegations of Paragraph 8 of the Complaint.

9. Refers to the records of the United States Patent and Trademark Office for the contents thereof and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12.     Denies knowledge and information sufficient to form a belief as to the truth of statements concerning Revson's advertisement and promotion of its products and otherwise denies the allegations of Paragraph 12 of the Complaint.

13.     Denies the allegations of Paragraph 13 of the Complaint.

14.     Admits that Elemis uses the term Pro-Collagen in connection with anti-aging creams and that such products are sold on the website at www.timetospa.com and at ELEMIS spas. Denies that ELEMIS products are sold on the website at www.elemis.com. Otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15.     Denies the allegations of Paragraph 15 of the Complaint.

16.     Avers that the document in Exhibit 2 to the Complaint speaks for itself and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17.     Admits that Defendant's former counsel sent the document in Exhibit 3 to the Complaint to Plaintiff's counsel and otherwise avers that the document speaks for itself.

18.     Avers that the document in Exhibit 4 to the Complaint speaks for itself and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19.     Avers that the document in Exhibit 5 to the Complaint speaks for itself and otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20. Admits that Defendant's former counsel sent the document in Exhibit 6 to the Complaint to Plaintiff's counsel and otherwise avers that the document speaks for itself. Denies that no further word has been received from Elemis or its counsel.

21. Denies that Defendant is infringing any trademark of Plaintiff and otherwise admits the allegations of Paragraph 21 of the Complaint.

22. Denies the allegations of Paragraph 22 of the Complaint.

23. Denies the allegations of Paragraph 23 of the Complaint.

24. Denies the allegations of Paragraph 24 of the Complaint.

25. Denies the allegations of Paragraph 25 of the Complaint.

26. Denies the allegations of Paragraph 26 of the Complaint.

## COUNT I

27. Admits that Plaintiff purports to seek relief for alleged trademark infringement under the Lanham Act and admits that the Court has subject matter jurisdiction over Count 1.

28. Repeats and realleges paragraphs 1 to 26 above as though fully set forth herein.

29. Denies the allegations of Paragraph 29 of the Complaint.

30. Denies the allegations of Paragraph 30 of the Complaint.

31. Denies the allegations of Paragraph 31 of the Complaint.

32. Denies the allegations of Paragraph 32 of the Complaint.

33. Denies the allegations of Paragraph 33 of the Complaint.

34. Denies the allegations of Paragraph 34 of the Complaint.

## COUNT II

35. Admits that Plaintiff purports to seek relief under Section 43(a) of the Lanham Act and admits that the Court has subject matter jurisdiction over Count II.

36. Repeats and realleges paragraphs 1 through 20 and 29 through 34 above as though fully set forth herein.

37. Denies the allegations of Paragraph 37 of the Complaint.

38. Denies the allegations of Paragraph 38 of the Complaint.

39. Denies the allegations of Paragraph 39 of the Complaint.

40. Denies the allegations of Paragraph 40 of the Complaint.

41. Denies the allegations of Paragraph 41 of the Complaint.

## COUNT III

42. Admits that Plaintiff seeks relief for alleged trademark infringement under the common law of the State of New York and admits that this Court has subject matter jurisdiction over Count III.

43. Repeats and realleges paragraphs 1 through 26, 29 through 34, 37 through 41 above as though fully set forth herein.

44. Denies the allegations of Paragraph 44 of the Complaint.

45. Denies the allegations of Paragraph 45 of the Complaint.

46. Denies the allegations of Paragraph 46 of the Complaint.

47. Denies the allegations of Paragraph 47 of the Complaint.

48. Denies the allegations of Paragraph 48 of the Complaint.

49. Denies the allegations of Paragraph 49 of the Complaint.

## COUNT IV

50. Admits that Plaintiff purports to seek relief for alleged unfair competition under the common law of the State of New York and admits that this Court has subject matter jurisdiction over Count IV.

51. Repeats and realleges paragraphs 1 through 26, 29 through 34, 37 through 41 and 44 through 49 above as though fully set forth herein.

52. Denies the allegations of Paragraph 52 of the Complaint.

53. Denies the allegations of Paragraph 53 of the Complaint.

54. Denies the allegations of Paragraph 54 of the Complaint.

55. Denies the allegations of Paragraph 55 of the Complaint.

56. Denies the allegations of Paragraph 56 of the Complaint.

## COUNT V

57. Admits that Plaintiff purports to seek relief for alleged dilution under New York General Business Law Section 360-l and admits that this Court has subject matter jurisdiction over Count V.

58. Repeats and realleges paragraphs 1 through 26, 29 through 34, 37 through 41, 44 through 49, and 52 through 56 above as though fully set forth herein.

59. Denies the allegations of Paragraph 59 of the Complaint.

60. Denies the allegations of Paragraph 60 of the Complaint.

61. Denies the allegations of Paragraph 61 of the Complaint.

62. Denies the allegations of Paragraph 62 of the Complaint.

63. Denies the allegations of Paragraph 63 of the Complaint.

64. Denies the allegations of Paragraph 64 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

65. The term procollagen, as used by Plaintiff, is generic and not protectable as a mark.

## SECOND AFFIRMATIVE DEFENSE

66. Defendant's use of the term Pro-Collagen constitutes fair use.

## THIRD AFFIRMATIVE DEFENSE

67. Defendant's use of the term Pro-Collagen is "descriptive and used fairly and in good faith only to describe the goods and services" of Elemis under § 33(b)(4) of the Lanham Act, 15 U.S.C. 1115(b)(4).

## FOURTH AFFIRMATIVE DEFENSE

68. Plaintiff has failed to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

69. The Complaint is barred by Plaintiff's acts of laches.

## SIXTH AFFIRMATIVE DEFENSE

70. The Complaint is barred by Plaintiff's acts of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

71. The Complaint is barred by Plaintiff's acts of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

72. The Complaint is barred by Plaintiff's acts of waiver.

## NINTH AFFIRMATIVE DEFENSE

73. Because the various paragraphs of Plaintiff's Complaint do not comply with Federal Rule of Civil Procedure 8(a) and (e), Defendant is not required to separately admit or deny each averment therein.

FOR THESE REASONS, Defendant prays that the Court dismiss all of Plaintiff's claims and find for Defendant on all counts, and that Defendant be awarded its costs, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNTERCLAIM FOR CANCELLATION
## OF U.S. TRADEMARK REGISTRATION NO. 2,128,930

Defendant/Counterclaim-Plaintiff Elemis Limited ("Elemis"), by its undersigned attorneys, Fross Zelnick Lehrman & Zissu, P.C., as and for its counterclaim against Plaintiff/Counterclaim-Defendant Charles Revson, Inc. ("Revson"), alleges as follows:

1. Elemis seeks an order by this Court under Section 37 of the United States Trademark Act (the "Lanham Act"), 15 U.S.C. § 1119, that Revson's U.S. Trademark Registration No. 2,128,930 for PROCOLLAGEN for use in connection with "make-up and skin care products, namely, moisturizers in the form of lotions and creams" be cancelled because the term procollagen, as used by Revson in connection with the goods identified in its registration, is generic and incapable of functioning as a trademark.

2. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, under Sections 1331 and 1338(a) and (b) of the United States Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a), and under principles of pendent jurisdiction.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claim occurred in this judicial district and, upon information and belief, Revson resides in this judicial district.

4. Revson has consented to venue in this Court and to this Court's exercise of personal jurisdiction over it by virtue of having filed its Complaint here.

5. Elemis is a company organized and existing under the laws of England and Wales.

6. Upon information and belief Revson is a corporation organized and existing under the laws of the state of New York, with its principal place of business in this district.

7. Revson alleges in its Complaint that it owns U.S. Trademark Registration No. 2,128,930 for the mark PROCOLLAGEN in connection with "make-up and skin care products, namely, moisturizers in the form of lotions and creams."

8. *Stedman's Medical Dictionary* defines "procollagen" as the "soluble precursor of collagen formed by fibroblasts and other cells in the process of collagen synthesis." *Stedman's Medical Dictionary* 1432 (26th ed. 1995). A true and correct photocopy from the above-referenced publication, with the relevant text highlighted, is attached as **Exhibit A**.

9. The *International Cosmetic Ingredient Dictionary and Handbook* defines procollagen as "the precursor of Collagen." It also recognizes procollagen as an ingredient for cosmetics that is used as a "Skin-Conditioning Agent" in "Body and Hand Preparations

(Excluding Shaving Preparations)" and "Foundations."  A true and correct photocopy from the above-referenced publication is attached as **Exhibit B**.

10. Upon information and belief, "procollagen" is listed as an ingredient on the packaging for each product in connection with which Revson claims rights in PROCOLLAGEN as a trademark.

11. An example of Revson's CHR *ProCollagen Eyes* ULTIMA II product packaging that lists "procollagen" as an ingredient is shown below:



12. The term procollagen is generic when used on or in connection with Revson's products.  Accordingly, it cannot function as a trademark as defined in Section 45 of the Lanham Act, 15 U.S.C. § 1127.

13. Under Sections 2 and 15(4) of the Lanham Act, 15 U.S.C. §§ 1052, 1065(4), the term procollagen, as used by Revson, should not be registered as a trademark because it is a generic term and cannot serve to identify and distinguish Revson's goods.

14. Elemis is and will continue to be damaged by Revson's registration of PROCOLLAGEN as a trademark because based on such registration, Revson is claiming exclusive rights in the term procollagen and is attempting to preclude Elemis from using the term Pro-Collagen on and in connection with Elemis's products.

15.     Pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, this Court should direct the Director of the United States Patent and Trademark Office to cancel Revson's U.S. Trademark Registration Number 2,128,930 for PROCOLLAGEN.

## PRAYER FOR RELIEF

WHEREFORE, Elemis requests a judgment from this Court ordering the Director of the United States Patent and Trademark Office to cancel Plaintiff/Counterclaim-Defendant Revson's U.S. Registration No. 2,128,930 for PROCOLLAGEN for use in connection with "make-up and skin care products, namely, moisturizers in the form of lotions and creams," and an order awarding to Elemis its costs, including reasonable attorneys' fees, and such other relief deemed just and proper by the Court.

Dated:   New York, New York
         September 14, 2007

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
    David Donahue (DD 5808)
    Betsy C. Judelson (BJ 1107)

866 United Nations Plaza
New York, NY 10017
Tel.:  (212) 813-5900
Fax:  (212) 813-5901

*Attorneys for Defendant/Counterclaim-Plaintiff Elemis Limited*